**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GIOVANNA WESTWOOD, | ) |
| Plaintiff, | ) Case No. 2:16-cv-02409-RFB-GWF |
| vs. | ) **ORDER** |
| JP MORGAN CHASE BANK, N.A., | ) |
| Defendant. | ) |

This matter is before the Court on Plaintiff's Motion to Compel (ECF No. 40), filed on July 13, 2017. Defendant filed its Response (ECF No. 41) on July 27, 2017.

Plaintiff requests an order compelling Defendant to respond to Plaintiff's requests for admission, requests for production, and interrogatories. Plaintiff has filed her instant motion without an attempt to resolve these issues with Defendant's counsel. The meet and confer requirements in Rule 37(a)(1) of the Federal Rules of Civil Procedure and Local Rule ("LR") 26-7(b) require the moving party to confer or attempt to confer in person, or at least by telephone, with the opposing party in a good faith effort to resolve the discovery dispute prior to filing a motion to compel. *Shuffle Master v. Progressive Games*, 170 F.R.D. 166, 171 (D.Nev. 1996); *Walker v. North Las Vegas Police Depart.*, 2016 WL 427063, *2 (D.Nev. Feb. 3, 2016). The moving party is also required to include a certification setting forth his or her efforts and the results of the meet and confer attempts. Fed. R. Civ. P. 37(a)(1); LR 26-7( c). The court should not consider a motion to compel unless the moving party provides a certification which "accurately and specifically conveys to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *Shufflemaster, Inc. v. Progressive Games, Inc.,* 170 F .R.D. 166, 170 (D.Nev.1996).

In addition to Plaintiff's failure to comply with the meet and confer requirements, her motion to compel lacks merit because she failed to make a threshold showing of relevancy or that the requested information falls within the scope of discovery under Fed. R. Civ. P. 26. *Guzman v. Lincoln Tech. Inst., Inc.*, 2015 WL 1729711, at *1 (D. Nev. Apr. 15, 2015) (citing *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir.1992)). Plaintiff's discovery requests are based on her belief that she tendered payment to Defendant via a fraudulent money order. Her discovery requests are based on her underlying claims and allegations that the Court finds to be frivolous and lacking in legal basis or authority. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (ECF No. 40) is **denied**.

DATED this 9th day of August, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge